UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANNY BROCK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6624** |
| **JACK A. STEVENSON** | **SECTION: "N"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Danny Brock, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Jack A. Stevenson. The United States Marshal was unable to serve the named defendant based on the information plaintiff provided in the complaint.[1] On May 1, 2006, the undersigned issued an order directing plaintiff to provide the Court with proper service information for the defendant on or before May 19, 2006. Plaintiff was warned that if he failed to provide that information or failed to show good cause for not doing so, the undersigned would recommend that the complaint be dismissed pursuant to Fed.R.Civ.P. 4(m) without further notice.[2]

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 8.

> initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[3] Therefore, he is entitled to have service effected by the United States Marshal. Fed.R.Civ.P. 4(c)(2). That fact, however, does not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. Id.

More than one hundred twenty days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on the named defendant. The Court has given plaintiff notice of the fact that the defendant has not been served, as well as an opportunity to cure that defect. Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve the defendant results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite the fact that plaintiff was expressly put on notice that a recommendation would issue to dismiss his complaint unless he provided correct service information or showed good cause for

---

[3] Rec. Doc. 4.

not doing so, plaintiff has failed to respond. Accordingly, this Court finds that dismissal is now appropriate.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___26th___ day of May, 2006.

                                                        **DANIEL E. KNOWLES, III**
                                                        **UNITED STATES MAGISTRATE JUDGE**